NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 5, 2021
Decided February 5, 2021

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1277

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:19-cr-00012-JRS-CMM-01 |
| PATRICK SHANKLIN,<br>*Defendant-Appellant*. | James R. Sweeney II,<br>*Judge*. |

**O R D E R**

Patrick Shanklin pleaded guilty to possession with the intent to distribute 500 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1). After determining that Shanklin qualified for the safety-valve provision under 18 U.S.C. § 3553(f), the district court sentenced him within the guidelines to 99 months' imprisonment and 5 years' supervised release. Shanklin now appeals.

His appointed counsel asserts that his appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would be expected to involve. Because her analysis appears thorough, and Shanklin did not respond to her

motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In her brief, counsel states that she consulted with Shanklin and confirmed that he does not wish to withdraw his guilty plea, so counsel properly omits discussion of any arguments related to the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel evaluates several possible arguments concerning Shanklin's sentence but rightly concludes that each would be frivolous. First, she considers whether his 99-month sentence exceeds the statutory maximum term. But because Shanklin's statutory maximum was life imprisonment, *see* 21 U.S.C. § 841(a)(1), his sentence is not greater than the statutory maximum.

Counsel next asks whether Shanklin could challenge the calculation of his guidelines range and, specifically, the district court's failure to give him a reduction in offense level under § 2D1.1(b)(18). The court made no finding regarding this provision. Section 2D1.1(b)(18) authorizes a two-level reduction if a defendant meets the criteria set forth in § 5C1.2(a)(1)-(5). Section 5C1.2(a), for its part, incorporates the criteria set forth in 18 U.S.C. § 3553(f)—the statutory "safety-valve" provision that allows courts, in certain circumstances, to impose a sentence below the statutory minimum. Before the First Step Act's enactment, the first criterion—in both § 3553(f) and § 5C1.2—required having no more than one criminal history point under the guidelines. The First Step Act loosened eligibility for statutory safety-valve relief (but not for relief under the guidelines) by increasing the maximum criminal history points to four. 18 U.S.C. § 3553(f)(1)(A). But Shanklin did not meet all the criteria set forth in § 5C1.2(a)(1)-(5) because these provisions have yet to be amended and still require that he have no more than one criminal history point; he has four. Even in cases where an amendment has been proposed, district courts must impose sentences based on the version of the guidelines then in effect. *United States v. Adams*, 934 F.3d 720, 729 (7th Cir. 2019); *see* U.S.S.G. § 1B1.11(a).

Counsel also considers whether Shanklin could challenge the reasonableness of his sentence. But as counsel explains, Shanklin's 99-month sentence is within his 87 to 108-month guidelines range (based on an offense level of 27 and criminal history category of III), so we presume it to be reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and we see no basis in the record that might rebut that presumption. The district court adequately addressed the factors set forth in 18 U.S.C. § 3553(a), emphasizing the seriousness of the

offense (he was responsible for enough meth to feed the addiction of 18,000 users), the need for deterrence (Shanklin has a history of reoffending shortly after being released), and his history and characteristics (he comes from a broken home, has a history of drug addiction, and has been on his own from a young age). Lastly, Shanklin waived his right to challenge his supervised-release conditions by telling the court that he did not object to the proposed conditions. *See United States v. Flores*, 929 F.3d 443, 447-49 (7th Cir. 2019).

We GRANT counsel's motion to withdraw and DISMISS the appeal.